IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE L. HOLTZSCHER and SEDONNA S. JORDAN, Individually and on Behalf of Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-3293 |
| DYNEGY, INC., DYNEGY, INC. BENEFIT PLANS COMMITTEE, LOUIS DOREY, ROBERT D. DOTY, JR., ALEC G. DREYER, ANDREA LANG, MICHAEL MOTT, MILTON L. SCOTT, and R. BLAKE YOUNG, | § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Dale L. Holtzscher and Sedonna S. Jordan, bring this action pursuant to § 502(a)(2) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(2),[1] individually and on behalf of other similarly situated participants and beneficiaries of the Illinois Power Company Incentive Savings Plan (the "Plan"), and representatively on behalf of the Plan,[2] against defendants, Dynegy, Inc. ("Dynegy" or "the Company"), Dynegy, Inc.'s Benefit Plans Committee, Louis Dorey, Robert D. Doty, Jr., Alec G. Dreyer, Andrea Lang, Michael Mott, Milton L. Scott, and

---

[1] Original Complaint (OC), Docket Entry No. 1, p. 26 ¶ 106.

[2] Id. at p. 1 ¶ 1.

R. Blake Young,[3] for breach of fiduciary duties including the duty not to make affirmative material misrepresentations, the duty to disclose and inform, the duty to eliminate inappropriate investment options, and the duty to avoid conflicts of interest, and for co-fiduciary liability and knowing participation in a breach of fiduciary duty during a proposed class period beginning on January 1, 2002, and ending on January 30, 2003.[4]  Plaintiffs seek monetary payment to make the Plan whole for losses caused by breach of defendants' fiduciary duties in violation of ERISA § 409, 29 U.S.C. § 1109(a), replacement of the Plan Committee defendants with independent fiduciaries pursuant to ERISA § 409, 29 U.S.C. § 1109(a), injunctive and other appropriate equitable relief, reasonable attorneys' fees and expenses, and interest on some or all of these amounts.[5]  Pending before the court are Defendants' Motion to Dismiss Plaintiffs' Complaint (Docket Entry No. 19), Defendant Robert D. Doty's Motion to Dismiss (Docket Entry No. 20), and Plaintiffs' Motion to Consolidate (Docket Entry No. 27).  For the following reasons defendants' motions to dismiss will be granted, plaintiffs' motion to consolidate will be denied as moot, and this action will be dismissed for lack of subject matter jurisdiction.

---

[3] Id. at pp. 3-6 ¶¶ 9-19.

[4] Id. at pp. 17-25 ¶¶ 60-99.

[5] Id. at p. 27 ¶ 108.

## I. Standard of Review

Defendants seek dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). When a Rule 12(b)(1) motion is filed together with other Rule 12 motions, the court should address the jurisdictional attack before addressing any attack on the merits. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002) (citing Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam) ("Dismissal . . . for failure to state a claim is a decision on the merits . . . whereas a dismissal on jurisdictional grounds alone is not on the merits.")).

## II. Rule 12(b)(1) Motion to Dismiss

Defendants argue that plaintiffs' complaint should be dismissed under Rule 12(b)(1) because plaintiffs lack standing to assert claims on behalf of the Plan and because the court lacks jurisdiction to adjudicate the claims that they have asserted.[6]

---

[6] Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint, Docket Entry No. 19, p. 9; Defendant Robert D. Doty's Motion to Dismiss, Docket Entry No. 20, p. 1 (joining the motion to dismiss filed by his co-defendants), and p. 2 (expressly seeking dismissal on grounds that plaintiffs lack standing to bring this action).

**A.    Standard of Review**

Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, are without power to adjudicate claims.  See Kokkonen v. Guardian Life Insurance Company of America, 114 S.Ct. 1673, 1675 (1994); Howery v. Allstate Insurance Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 122 S.Ct. 459 (2001).  A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the federal district court.  "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'"  Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)).  "Lack of subject matter jurisdiction may be found in any one of three instances:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Ramming, 281 F.3d at 161 (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)).  All uncontroverted allegations in the complaint must be accepted as true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)).  The burden of proof for a Rule 12(b)(1) motion is on the party asserting federal jurisdiction.  Id.

**B.   Analysis**

Defendants argue that the court lacks subject matter jurisdiction because neither plaintiff has standing to assert claims on behalf of the Plan since neither plaintiff was a Plan participant on September 20, 2005, when this action was filed.[7] Plaintiffs argue that they have standing to bring this action because they are former employees who have a colorable claim to vested benefits.[8]

1.   Undisputed Facts

The undisputed facts are that both plaintiffs are former employees of Illinois Power Company, a Dynegy subsidiary, who participated in the Plan until their employment ended on September 30, 2004, and that the plaintiffs both voluntarily withdrew the full balance of their Plan accounts before filing this action.[9]

2.   Standing

Standing is "essential to the exercise of jurisdiction." Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan,

---

[7]Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint, Docket Entry No. 19, p. 9; Defendant Robert D. Doty's Motion to Dismiss, Docket Entry No. 20, p. 2.

[8]Plaintiffs' Response to Defendants' Motion to Dismiss and Memorandum of Law in Support, Docket Entry No. 24, pp. 7-8.

[9]See Declaration of Bethany Spurrier, Exhibit C attached to Memorandum in Support of Defendants' Motion to Dismiss, Docket Entry No. 19, ¶¶ 2-4 (stating that Jordan withdrew the full balance of her Plan accounts on November 16, 2004, and that Holtzscher withdrew the full balance of his Plan accounts on January 7, 2005).

883 F.2d 345, 349-350 (5th Cir. 1989).  See also Rivera v. Wyeth-Ayerst Laboratories, 283 F.3d 315, 318-319 (5th Cir. 2002) (citing Lujan v. Defenders of Wildlife, 112 S.Ct. 2130 (1992)).  Plaintiffs have brought this action pursuant to 29 U.S.C. § 1132(a)(2), which authorizes a "participant," "beneficiary," or "fiduciary" to bring a civil action for breach of any fiduciary duty proscribed by 29 U.S.C. § 1109.  These terms have special meaning under ERISA.  "The term 'participant' means any employee or former employee of an employer . . . who is or may become eligible to receive a benefit . . . from an employee benefit plan. . ."  29 U.S.C. § 1002(7).  "The term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).  The Supreme Court has held that a former employee "may become eligible" to receive benefits under a qualified plan when he or she has (1) a reasonable expectation of returning to covered employment or (2) a colorable claim to vested benefits.  See Firestone Tire and Rubber Co. v. Bruch, 109 S.Ct. 948, 958 (1989).

When determining whether a former employee has a colorable claim to vested benefits, the Fifth Circuit distinguishes between claims for vested benefits and claims for damages.  See Yancy v. American Petrofina, Inc., 768 F.2d 707, 708 (5th Cir. 1985), and Sommers, 883 F.2d at 349-350.  Former employees suing for damages do not have standing to sue under ERISA because they have already

received the full amount due to them under the terms of the plan. See Yancy, 768 F.2d at 708-709. Former employees suing for vested benefits do have standing to sue under ERISA because they have not received the full amount due to them under the terms of the plan. See Sommers, 883 F.2d at 349-350.

(a) Yancy

In Yancy, 768 F.2d at 707, a pension plan participant took early retirement from American Petrofina, and elected to receive his benefits in one lump-sum payment in order to avoid an announced decrease in the interest rate factor used to compute such payments. Over a year later he sued American Petrofina alleging that the change in the method of computing interest caused him to retire early, violated the plan, and breached fiduciary duties imposed by ERISA. The district court granted summary judgment for American Petrofina on grounds that Yancy lacked standing to sue under ERISA. Affirming the district court's conclusion that Yancy lacked standing to bring ERISA claims, the Fifth Circuit explained that

> [a] participant or beneficiary is defined as an employee or former employee who is or may be eligible to receive a benefit under the plan. 29 U.S.C. § 1002(7). "This excludes retirees who have accepted the payment of everything owed to them in a lump sum, because these erstwhile participants have already received the full extent of their benefits and are no longer eligible to receive future payments." Joseph v. New Orleans Electrical Pension & Retirement Plan, 754 F.2d 628, 630 (5th Cir. 1985). . . Yancy accepted his lump sum when he retired prior to the effective date of the amendment. He admits that the lump sum was the full amount due to him under the terms of the plan as in effect when he retired.

> ERISA does not provide standing for him to come into court over a year later and complain that a change in the plan effective after his retirement forced him to retire early thereby depriving him of several years of income and so decreasing his final retirement benefit.

768 F.2d at 708. Explaining that "Yancy's claim is not for an ascertainable amount, but for a [speculative] sum that possibly could have been earned if he had continued working," id. at 709, the Fifth Circuit concluded that Yancy lacked standing to pursue an ERISA claim because he had "already received all benefits vested in him prior to his retirement." Id.

(b) Sommers

In Sommers a class of plaintiffs filed suit under ERISA alleging breaches of fiduciary duties with respect to the sale of company stock held by a qualified employee benefits plan. 883 F.2d at 347. Asserting that the defendants, in connection with the liquidation and distribution of plan assets, sold the plan's shares of company stock at a price below fair market value, the plaintiffs alleged that the amount of money received from the stock sale and distributed to plan participants did not reflect the full value of the benefits due under the terms of the plan. See id. at 350. Citing Yancy, 768 F.2d at 707, the defendants argued that the class representatives were not ERISA plan "participants" because they had accepted their vested benefits in a lump-sum payment and, thus, were no longer eligible or likely to become "eligible to receive a benefit" under the plan. Id. at 347-348. Stating that in Yancy

"we had no difficulty concluding that plaintiff's claim was for damages rather than for vested benefits," id. at 349, the Fifth Circuit observed that "whether a claim is for vested benefits is not always apparent." Id. Explaining that an allegation that benefits were wrongly computed would state a claim for vested benefits, while a claim for recovery of an unascertainable amount, with no demonstration that the recovery will directly affect payment to the claimant, would state a claim for damages, not benefits, id. at 349-350, the Sommers court described the plaintiffs' claims as falling between the two "poles" of vested benefits and damages, and characterized its task as having to determine which type of recovery the plaintiffs' claims most closely resembled. Id. at 350. Reasoning that the plaintiffs' claim was "quite close to a simple claim that benefits were miscalculated," id., the Fifth Circuit concluded that the plaintiffs' allegations stated a claim for vested benefits, and that the class representatives qualified as "participants" authorized to bring suit under ERISA. Id. The Fifth Circuit explained that in that case it was plain that the class members sought "their share of the difference between the price the representatives received for their shares and the fair market value of those shares at the time they were sold." Id.

    3.    <u>Application of the Law to the Facts</u>

Plaintiffs have alleged breaches of fiduciary duties with respect to shares of stock purchased and held by the Plan. As in

-9-

Sommers, these claims fall between the two "poles" of vested benefits and damages.  The court must therefore decide whether the plaintiffs' allegations most closely resemble a claim for vested benefits or for damages.  Upon careful consideration, the court concludes that the plaintiffs' allegations more closely resemble a claim for damages than a claim for vested benefits, and that for the reasons explained below, the plaintiffs do not qualify as Plan participants authorized to bring suit under ERISA.

      (a)  Factual Basis to Plaintiffs' Claims

Plaintiffs' claims are based on allegations that defendants made false and misleading statements about Dynegy's revenues, earnings, and operations.  Plaintiffs allege that these false and misleading statements inflated the price of Dynegy stock that defendants made available for purchase as a Plan asset, and that they were damaged when the price of Dynegy stock fell once the true nature of Dynegy's finances and operations came to light.  The factual allegations asserted in plaintiffs' Original Complaint focus exclusively on the defendants' alleged misconduct, consisting of various breaches of fiduciary duties (including the duty not to make affirmative material misrepresentations, the duty to disclose and inform, the duty to eliminate inappropriate investment options, and the duty to avoid conflicts of interest), during the proposed class period (January 1, 2002, to January 30, 2003).

(b)   Nature of Plaintiffs' Claims

Plaintiffs' claims are readily distinguishable from the claims made in Sommers, 883 F.3d at 345.  In Sommers the plaintiffs argued that the full market value of the plan assets was greater than the amount they received when the assets were distributed.  Sommers, 883 F.2d at 350.  In other words, the Sommers plaintiffs alleged that the total value of the plan assets was a calculable amount, and that they did not receive that full calculable value because the defendants sold the plan's shares of company stock at a price below fair market value.  Id.  Since the Sommers plaintiffs sued to recover the rest of the benefits that were wrongfully withheld, the Fifth Circuit held that the plaintiffs' claims were for vested benefits instead of for damages.  Id.

Unlike the plaintiffs in Sommers, plaintiffs in this case do not allege that the defendants held back a portion of the calculable Plan benefits due to them when they voluntarily withdrew the proceeds of their accounts.  Instead, plaintiffs allege that the amount in their Plan accounts available for withdrawal was too small because defendants' false and misleading statements about Dynegy's revenues, earnings, and operations resulted in an overall diminution in value of Plan assets (i.e., Dynegy stock) available for distribution.  Since plaintiffs' claims seek compensation for losses sustained as a result of defendants' decision to include Dynegy stock as an asset in Plan accounts, the court concludes that

-11-

plaintiff's claims are for additional, speculative sums that might have accrued but for the defendants' alleged misconduct, and that these claims more closely resemble claims for damages than claims for vested benefits.  See Sommers, 883 F.3d at 349-350.  See also Hargrave v. TXU Corp., 392 F.Supp.2d 785 (N.D. Tex. 2005) (reaching same conclusion on similar facts).

### III.  Conclusions and Order

Plaintiffs contend that they have standing to bring this action as former employees who possess a colorable claim to vested benefits, i.e., as "participants" of an ERISA governed Plan. However, Congress has clearly defined "participants" as those "who may become eligible" to receive benefits under a plan.  29 U.S.C. § 1002(7).  The plaintiffs could have sued for damages before they withdrew their funds from the Plan because, at that point, they were still entitled to receive benefits under the Plan.  Since, however, plaintiffs made a total withdrawal of their Plan accounts before filing suit, in order to qualify as Plan participants they must show that they have either (1) a reasonable expectation of returning to covered employment, or (2) a colorable claim to vested benefits.  See Firestone, 109 S.Ct. at 948.  Plaintiffs do not argue that they have a reasonable expectation of returning to covered employment, and for the reasons explained above the court concludes that plaintiffs have not stated a claim for vested benefits but, instead, for damages.  Since plaintiffs have not

-12-

stated a claim for vested benefits, the court concludes that plaintiffs lack standing to pursue the ERISA claims alleged in their Original Complaint, and that because plaintiffs lack standing to pursue ERISA claims, the court lacks subject matter jurisdiction over the claims that plaintiffs have asserted in this action. The conclusion that plaintiffs lack standing to pursue ERISA claims obviates the need to consider whether their claims are cognizable under ERISA. Accordingly, Defendants' Motion to Dismiss (Docket Entry No. 19) is **GRANTED,** Doty's Motion to Dismiss (Docket Entry No. 20) is **GRANTED,** and Plaintiffs' Motion to Consolidate (Docket Entry No. 27) is **DENIED** as **MOOT**.

    **SIGNED** at Houston, Texas, on this 13th day of March, 2006.

                                               SIM LAKE
                                  UNITED STATES DISTRICT JUDGE